UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KELLI J. SAWYER, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:12-CV-264-JEM |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Kelli J. Sawyer on July 31, 2012, and on Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 22], filed on March 8, 2013. Plaintiff requests that the Administrative Law Judge's decision to deny her disability benefits and supplemental security income be reversed and remanded for further proceedings. On May 28, 2013, the Commissioner filed a response, and on August 6, 2013, Plaintiff filed a reply. For the reasons set forth below, the Court denies Plaintiff's request for remand.

## PROCEDURAL BACKGROUND

On March 11, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits alleging that she became disabled on February 3, 2008, a date that she later amended to July 19, 2010. Plaintiff's application was denied initially and on reconsideration. On July 8, 2011, Administrative Law Judge ("ALJ") Bryan J. Bernstein held a hearing at which Plaintiff, with counsel, Plaintiff's husband, and a vocational expert ("VE") testified. On January 20, 2012, the ALJ issued a decision denying Plaintiff's application. On June 1, 2012, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636© and 42 U.S.C. § 405(g).

## FACTUAL BACKGROUND

Plaintiff had fibromyalgia, lumbar disc disease, shoulder impingement syndrome, degenerative arthritis, history of carpal tunnel syndrome, depression, posttraumatic stress disorder, anxiety, borderline personality disorder, and recent history of alcohol abuse, all of which caused limitations on Plaintiff's ability to perform work.

At the Administrative Hearing, the VE testified that someone with the limitations described by the ALJ in his hypothetical could not do Plaintiff's past work but that there would be work in the economy at the sedentary and light levels with a sit/stand option. The ALJ's hypothetical included all of the extensive limitations included in his determination of Plaintiff's Residual Functional Capacity (RFC).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v.*

*Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of

evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the

4

claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's RFC, age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1545(a)) (other citations omitted). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**ANALYSIS**

Plaintiff's sole challenge to the ALJ's opinion comes at step five of the analysis. Plaintiff argues that few of the jobs cited by the VE are performed with a sit/stand option, as required by Plaintiff's RFC. The Commissioner argues that the VE identified a significant number of jobs that someone with Plaintiff's RFC could perform.

The Dictionary of Occupational Titles (DOT) does not address the subject of sit/stand options. SSR 83-12 addresses the "special situation" when "the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing." SSR 83-12, 1983 WL 31253, at *4 (Jan. 1,

5

1983). It provides that "[i]n cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base." *Id.*; *see also* 20 CFR § 404.166(e) ("If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, we may use the services of a vocational expert.").

In this case, the ALJ's hypothetical question to the VE included all of the limitations in his RFC finding, a finding that has not been challenged by Plaintiff. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."). In response, the VE identified a significant number of jobs that someone with Plaintiff's RFC could perform. The VE specifically testified that these were jobs that could be performed with a sit/stand option.

Plaintiff argues that the VE's testimony does not satisfy the step five requirement that the jobs available in the economy actually be performed with a sit/stand option, but does not cite to any cases to support his contention that the ALJ should obtain additional evidence beyond that of the VE particularly consulted for her expertise regarding jobs in the economy available to someone with an RFC like that of Plaintiff. *Cf. Schmidt v. Astrue*, 496 F.3d 833, 846 (7th Cir. 2007) ("Here, the ALJ posed appropriate hypothetical questions to the vocational expert based on his determination of [the plaintiff]'s residual functional capacity, and the vocational expert testified that [the plaintiff] could perform a significant number of jobs. Accordingly, we find that substantial evidence supports the ALJ's conclusion that [plaintiff]''s applications failed at step five of the five-step sequential analysis."). In support of her unusual contention, Plaintiff cites only to the so-called Skoler memo,

a document addressing the interaction of the Social Security Act and the Americans with Disabilities Act. As the Commissioner argues, this memorandum does not address VE testimony generally; rather, ALJ's are explicitly directed *not* to take into account the possibility of job accommodations when making their disability findings. SSR 00-01C, 2000 WL 38896, at *5 (Jan. 7, 2000) (citing Memorandum from Daniel L. Skoler, Associate Comm'r for Hearings and Appeals, SSA, to Administrative Appeals Judges, reprinted in 2 Social Security Practice Guide, App. § 15C[9], pp. 15-401 to 15-402 (1998)). The fact that a sit/stand option is a "special situation" that requires the testimony of a VE, *see* SSR 83-12, does not make it an "accommodation" within the meaning of the ADA. To the contrary, the very terms of the memo itself, as quoted by Plaintiff, state: "[t]o support a fifth-step finding" under the Social Security regulations, "the evidence (e.g., vocational expert testimony) would have to show that the job" performed with the sit/stand option at issue here "is representative of a significant number of other such jobs in the national economy." Pl. Br. 7 [DE 22]. That is exactly what the VE testified to in this case.

## CONCLUSION

Accordingly, the Court hereby **DENIES** the relief requested in the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 22] and **AFFIRMS** the Commissioner of Social Security's final decision.

SO ORDERED this 23rd day of September, 2013.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record

7